IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| **FRANK J. WILKINS, Sr.** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| v. ) | Case No.  3:20cv00842 |
| ) | |
| **ROBERT L. WILKIE,** ) | |
| **Secretary, U.S. Department of Veteran Affairs** ) | |
| ) | |
|     **Defendant.** ) | |
| _____ ) | |

## COMPLAINT

Plaintiff, Frank J. Wilkins ("Mr. Wilkins or "Plaintiff"), by counsel, hereby alleges the following causes of action:

## INTRODUCTION

1. Plaintiff brings causes of action under the Age Discrimination in Employment Act of 1967 (the "ADEA"), and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et. seq*., ("Title VII"), against Defendant, Robert L. Wilkie, Secretary of the U.S. Department of Veterans Affairs, arising from discrimination and retaliation in the grade determination and classification process regarding Plaintiff's position description and pay grade.

2. Plaintiff was employed by the U.S. Department of Veterans Affairs as a Reproduction Specialist, GS-4, at the Agency's McGuire Medical Center in Richmond, Virginia.

3. Plaintiff's employment duties did not accurately reflect his outdated position description and salary as a GS-4 as further described herein.

1

4. Plaintiff submitted an updated position description for his job in March of 2017 outlining his responsibilities to his supervisor for the purpose of re-grading Plaintiff's position to the pay level of GS-5 or GS-6.

5. Plaintiff's updated position description was never forwarded to the centralized classification unit for grade determination due to the alleged discriminatory reasons set forth herein. As a result, Plaintiff was not properly compensated for his work.

## PARTIES

7. Mr. Wilkins is a natural person and a citizen of the Commonwealth of Virginia, residing in Chesterfield County, Virginia.

8. Robert Wilkie is Secretary of the United States Department of Veteran Affairs. The Department of Veteran Affairs is an element of the Executive branch of the United States government. In this complaint, the Secretary and the Department shall be referred to, collectively and singularly, as "Defendants" or "Agency."

## JURISDICTION AND VENUE

9. On August 3, 2018, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), case number 430-2019-00323X.

10. Plaintiff's complaint was accepted by the Office of Resolution Management for investigation. An investigation was conducted from November 2018 through March 2019.

11. On April 1, 2019, Plaintiff requested a hearing before an EEOC Administrative Judge in the Charlotte District Office, however said request was denied.

12. On March 30, 2020, the Charlotte District Office issued a Notice of Intent to Issue Decision Without a Hearing.

13. On July 30, 2020, the Charlotte District Office issued a procedural decision dismissing the complaint.

14. The Agency's Final Decision was issued August 4, 2020; VA Case No. 2004-0652-2018105195 and EEOC Case No. 430-2019-00323X.

15. Plaintiff timely files this action less than ninety (90) days after receipt of the final agency decision.

16. This court has subject matter jurisdiction pursuant to the ADEA and Title VII.

17. This court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the causes of action arise under the ADEA and Title VII, laws of the United States.

18. Venue for this action lies properly in the United States District Court for the Eastern District of Virginia, Richmond Division, pursuant to 28 U.S.C. § 1391(b), as the events giving rise to Mr. Wilkins' claims occurred in the City of Richmond, which is a territory included within those assigned to the Richmond Division of the Eastern District of Virginia.

## FACTUAL BACKGROUND

19. Plaintiff was a full-time, career Reproduction Specialist, GS-4, at the Agency's McGuire Medical Center in Richmond, Virginia. He began his work for the Agency in 1991 and worked for approximately twenty-eight (28) years prior to retiring on July 31, 2019.

20. Plaintiff, date of birth xx/xx/1946, is an African American male of the Jewish faith and at all relevant times was over forty (40) years old.

21. Since at least 2011, Plaintiff consistently received an "Excellent" overall rating on his performance evaluations, and at all times of his employment he satisfactorily performed his work.

22. Throughout Plaintiff's tenure at the Agency, because of his age, race, gender and religion he was the victim of harassing and discriminating behavior.

23. As early as the year 1999, Plaintiff felt that his working conditions were so intolerable due to foresaid claims of discrimination that he reached out to Congressman Robert C. "Bobby" Scott for assistance, requesting that Congressman Scott inquire about the unfair treatment/harassment that Plaintiff was receiving at the Agency.

24. In September of the year 2000, Plaintiff filed an EEOC Complaint (Case No. 2004-2050) for discrimination on the basis of race, sex, and religion. The issues that Plaintiff experienced at this time included, but were not limited to, failure to address abusive language targeted at Plaintiff, and failure to provide basic work necessities such as a beeper and voicemail access all due to the actions of his supervisor.

25. Plaintiff's direct supervisor since approximately the year 2000 was Kevin Buser ("Buser"), Chief Supply Chain Officer. On multiple occasions as Plaintiff's supervisor, Buser has reprimanded Plaintiff for relatively benign incidents, where upon information and belief, other younger, non-Jewish, non-African-American males and females were not reprimanded. Buser, date of birth xx/xx/1965, is a white "nondenominational" male.

26. Buser was aware that Plaintiff was over 40, an African American male of the Jewish faith and he was also aware of Plaintiff's EEOC complaint filed in the year 2000.

27. For many years Plaintiff sought to have his employment position with the Agency re-graded/re-classified from GS-4 to either GS-5 or GS-6, and it was known that similarly situated Reproduction Specialist located in other VA medical facilities in North Carolina and other parts of the United States were classified as GS-6's. See Ex. "A", Plaintiff's position description of 1978.

28. Further, during the time period between 1978 and 2009 and forward to 2019, the duties and workload and responsibilities of Plaintiff's job as a Reproduction Specialist at the Richmond VA Medical hospital grew more than 25% over his then existing position description, due to his duties becoming more complex and numerous, and due to the expansion of the hospital facilities, the increase in its medical, staff and patient population, and which included expanded locations of work in two VA facilities in Charlottesville, Virginia, and one VA facility each in Emporia and Fredericksburg, Virginia. Your Plaintiff was the only employee in his office.

28. As early as September 2009, Plaintiff's union representative, Jennifer D. Marshall ("Marshall"), President, AFGE Local 2145, contacted Buser requesting that Plaintiff receive compensation commensurate with a GS-5 or GS-6 level because Plaintiff's work duties indicated that he should have been compensated at that level.

29. The Agency took no action to amend Plaintiff's grade level or to otherwise properly compensate Plaintiff despite there being an existing position description classified at the GS-5 level for Plaintiff's exact position.

30. Plaintiff and Marshall continued to advocate for Plaintiff's position to be re-graded over the next several years.

31. More recently, and as is the subject of this Complaint, Plaintiff again sought to have his grade level changed to accurately reflect the duties he was performing. Plaintiff's position description, which classified him at the GS-4 grade level, had not been updated since 1978 to accurately reflect Plaintiff's job duties as of 2017.

32. By letter dated February 23, 2017, Marshall again contacted Buser to notify him that Plaintiff's position description was not current or accurate and requested a Desk Audit to be

conducted in accordance with the Master Agreement between the AFGE Union and the Agency. See attached Ex. "B."

33. At Buser's direction, and/or that of The Agency, a Desk Audit of Plaintiff's position was never performed.

34. Upon information and belief, Buser had previously approved a Desk Audit for non-Jewish warehouse workers at the Richmond VA, and Desk Audits for other position descriptions under Buser's control.

35. Marshall continued to communicate with Buser in an effort to get Plaintiff's position description updated and to accordingly re-grade Plaintiff to GS-6.

36. Plaintiff drafted, and Marshall provided to Buser and the Agency, by email dated March 30, 2018, Plaintiff's updated position description. See attached Ex. "C."

37. In July 2018, Plaintiff met with Buser to discuss the updated position description provided by Plaintiff. Buser communicated to Plaintiff that the duties listed in the update position description were accurate.

38. Plaintiff again requested of Buser that his updated position description be submitted to the centralized classification unit for grade determination.

39. Buser, however, did not submit Plaintiff's updated position description, but rather submitted Plaintiff's old position description which did not accurately reflect Plaintiff's job duties.

40. As a result of the above, Plaintiff's position was not re-graded.

41. Plaintiff was, in fact, performing GS-6 grade duties as indicated by his updated position description.

42. Plaintiff during this time was responsible for not only performing at the GS-6 grade level duties at the McGuire Medical Center in Richmond, but providing servies at locations in Charlottesville, Emporia and Fredericksburg.

43. Further, Plaintiff performed his duties independently. The key distinction between GS-4 and GS-6 grades is found in the Factor Evaluation System portion of the position descriptions. Factor number two is titled "Supervisory Controls" and is the only factor, out of nine, that provides for a different point apportionment between GS-4 and GS-6. For a GS-4 grade, the employee operates under the direct supervision of the Chief, Material Management Service. For a GS-6 grade, the employee performs the work independently.

44. In fact, on two separate occasions, once in 2016 and once in 2017, Plaintiff received "Performance Appraisals" from Buser in which it was stated that "Mr. Wilkins has independently and successfully managed a complex Duplicating and Reproduction Department." See attached Ex. "D."

45. Despite this, Buser and the Agency refused to acknowledge that Plaintiff's job duties have changed and that his position should be re-graded. Buser failed to even submit Plaintiff's updated position description for re-grading, because of Plaintiff's age, and due to his race, gender, religion and in retaliation for prior protected EEOC activities.

46. These actions constitute an adverse employment action, as it adversely affected the terms and conditions of Plaintiff's employment and compensation and was part of his consideration to retire early in 2019, as he was intending to work until 2020.

## **STATEMENT OF CLAIMS**

### **COUNT I:**

7

### DISCRIMINATION ON THE BASIS OF AGE
### IN VIOLATION OF THE ADEA (29 U.S.C. § 623(a)(1))

46. Plaintiff incorporates by reference and realleges each allegation set forth above.

47. At all relevant times, Plaintiff was over the age of 40. Plaintiff was 71 years old in 2017.

48. Defendant discriminated against Plaintiff on the basis of his age by failing to perform a desk audit and by failing to submit Plaintiff's updated position description for re-grading.

49. Upon information and belief, younger employees were granted desk audits and succeeded in their efforts to have their positions re-graded.

50. Due to Defendant's actions, Plaintiff suffered lost wages because he was not properly compensated for the work he was performing. Plaintiff additionally has experienced emotional distress from Defendant's discriminatory practices.

### COUNT II:

### DISCRIMINATION ON THE BASIS OF RACE
### IN VIOLATION OF TITLE VII (42 U.S.C. § 2000e-2(a)(1))

51. Plaintiff incorporates by reference and realleges each allegation set forth above.

52. Plaintiff is an African-American. Plaintiff's direct supervisor, Buser, is Caucasian.

53. Defendant, and in particular Buser, discriminated against Plaintiff on the basis of his race by failing to grant a desk audit and by failing to submit Plaintiff's updated position description for re-grading.

54. Upon information and belief, Defendant granted desk audits and re-graded employment positions for Caucasian employees.

55. Due to Defendant's actions, Plaintiff suffered lost wages because he was not properly compensated for the work he was performing. Plaintiff additionally has experienced emotional distress from Defendant's discriminatory practices.

## COUNT III:

### DISCRIMINATION ON THE BASIS OF RELIGION
### IN VIOLATION OF TITLE VII (42 U.S.C. § 2000e-2(a)(1))

56. Plaintiff incorporates by reference and realleges each allegation set forth above.

57. Plaintiff is Jewish. Plaintiff's direct supervisor, Buser, is "nondenominational."

58. Defendant, and in particular Buser, discriminated against Plaintiff on the basis of his religion by failing to grant a desk audit and by failing to submit Plaintiff's updated position description for re-grading.

59. Upon information and belief, Defendant granted desk audits and re-graded employment positions for non-Jewish employees.

60. Due to Defendant's actions, Plaintiff suffered lost wages because he was not properly compensated for the work he was performing. Plaintiff additionally has experienced emotional distress from Defendant's discriminatory practices.

## COUNT IV:

### DISCRIMINATION ON THE BASIS OF SEX
### IN VIOLATION OF TITLE VII (42 U.S.C. § 2000e-2(a)(1))

61. Plaintiff incorporates by reference and realleges each allegation set forth above.

62. Plaintiff is a male.

63. Defendant, and in particular Buser, discriminated against Plaintiff on the basis of his sex by failing to grant a desk audit and by failing to submit Plaintiff's updated position description for re-grading.

64. Upon information and belief, Defendant granted desk audits and re-graded employment positions for female employees.

65. Due to Defendant's actions, Plaintiff suffered lost wages because he was not properly compensated for the work he was performing. Plaintiff additionally has experienced emotional distress from Defendant's discriminatory practices.

## COUNT V:

### DISCRIMINATION ON THE BASIS OF UNLAWFUL RETALIATION IN VIOLATION OF TITLE VII (42 U.S.C. § 2000e-3(a))

66. Plaintiff incorporates by reference and realleges each allegation set forth above.

67. Prior to the events giving rise to this Complaint, Plaintiff filed an EEOC Complaint for discrimination against Defendant.

68. Defendant, and in particular Buser, unlawfully discriminated and retaliated against Plaintiff for his prior EEOC activity by failing to grant a desk audit and by failing to submit Plaintiff's updated position description for re-grading.

69. Due to Defendant's actions, Plaintiff suffered lost wages because he was not properly compensated for the work he was performing. Plaintiff additionally has experienced emotional distress from Defendant's discriminatory practices.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff, Frank J. Wilkins, Sr., respectfully requests that this Court:

A. Enter judgment in his favor and against Defendant for damages reflecting back pay and benefits from February 23, 2017 for the difference in the positions of GS-4 and GS-6 until the date of July 31, 2019.

B. Award your Plaintiff the maximum compensatory and liquidated damages allowed by law under each count.

C. Award your Plaintiff his statutory attorney fees and costs for this action.

D. Award your Plaintiff all other statutory relief allowed by law.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,

**FRANK J. WILKINS**
*Plaintiff*

By: _____

James B. Thorsen, Esquire
VSB No. 18113
Attorney for Plaintiff
ThorsenAllen LLP
5413 Patterson Avenue, Suite 201
P.O. Box 17094
Richmond, Virginia 23226
Telephone: (804) 447-7234
Facsimile: (804) 447-7813
E-mail: jthorsen@thorsenallen.com